## Baldwin *v.* Mississippi State Highway Department.

(Division B. Feb. 19, 1940.)

[193 So. 789. No. 33998.]

**E. J. Pollard** and **Holmes & Bowdre,** all of Hernando, for appellant.

·**Russell Wright,** Assistant Attorney-General, for ·appel-
·lee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant filed a bill in the Chancery Court to cancel a tax deed to a certain lot bought at a tax sale by W. L. Farley, and to cancel the tax deed and a judgment in an eminent domain court rendered in a condemnation proceeding in favor of the State Highway Department as clouds upon title of the complainant. Farley failed to appear and a decree pro confesso was taken against him and relief granted as against him. But the court held the condemnation proceeding with occupancy thereunder by the State Highway Department for more than three years after the expiration of two years allowed for redemption under the statute, Code 1930, Section 2288, had vested in the Highway Department the strip of land condemned in the eminent domain proceedings. It is conceded by the appellee that the tax sale to Farley was void, but it is contended that by virtue of the condemnation proceedings to which Farley was a party vested in the State Highway Department his interest in said strip, and that such interest was sufficient when occupied for

three years to vest complete right in the State Highway Department to the said strip.

Farley never went into the actual possession of the lands involved, owned by Addie Baldwin at the time of the assessment and sale and occupied by her since said time, and Addie Baldwin was not a party to the eminent domain proceedings, but after the eminent domain proceedings in March, 1935, the Highway Department took possession of the strip and constructed a highway, including the concrete pavement, thereon. It is the contention of the appellant that the tax sale being void, and Farley or the tax purchaser never having gone into possession, there was nothing in the way of interest for the Highway Department to condemn, and that the Highway got nothing by virtue of the condemnation proceedings as against Farley under the said void tax deed. It appears from the chancellor's opinion in the record that it was conceded in the argument that if the Highway Department had purchased the right of way from Farley and had gone into possession and remained in possession for three years after such condemnation proceedings that it would have secured a title to the right of way so long as the highway was used as such. We think this proposition is sound because either Farley or any vendee of Farley's going into possession after the period for redemption expired, and remaining in possession for more than three years would have precluded the owner from challenging any irregularities in the tax assessment, or sales. The three year statute of limitations, Section 2288 of the Code, provides that actual occupation for three years, after two years from the day of sale of land held under a conveyance by a tax collector in pursuance of a sale for taxes etc. shall give title, saving to minors and persons of unsound mind, the right to institute proceedings after the removal of such disabilities.

In our opinion the condemnation proceeding was equivalent to a deed or lease from Farley to the strip condemned. The effect of a condemnation proceeding, in its

operation, is the same as if a deed were made conveying the same rights that the Highway Department gets through a condemnation proceeding. Farley had a right to convey such interests as he acquired at the tax sale, and among the rights was the right to enter upon the land if he could obtain peaceful possession thereof and remain thereon for three years more, claiming the land, after the expiration of the two years allowed by law for redemption of land from tax sales.

In the chapter on eminent domain in the Code of 1930, Chapter 26, being Section 1493, providing for the judgment upon the verdict in an eminent domain proceeding, it is provided among other things: ''Now, upon payment of the said award, applicant can enter upon and take possession of the said property and appropriate it to public use as prayed for in the application.'' And in the following Section 1494, Code of 1930, it is provided: ''Upon the return of the verdict and entry of the judgment, if the applicant pay the defendant whose compensation is fixed by it, or tender to him the amount so found and pay the costs, he or it shall have the right to enter in and upon and take possession of the property for such defendant so condemned, and to appropriate the same to the public use defined in the application'' etc.

The effect of the eminent domain proceeding is to acquire the right of easement from the defendants to that suit, and if the defendant is the purchaser at a tax sale, the corporation or body condemning (the Highway Department in this case) is entitled under the statute to enter and take possession and use the property for the purpose condemned, and is vested with all the rights and privileges that the party having the tax title would have, among which is the right to enter possession if it can peaceably do so, and hold possession for the statutory period of Section 2288.

The chancellor's views were in accord with what we have said. The appellant stood by for the three year period and brought no action to challenge the right dur-

ing that time, and her right to do so vanished on the expiration of the three year period allowed by Section 2288 to bring actions in such cases. Accordingly the judgment of the chancery court is affirmed.

Affirmed.